EL PUEBLO DE PUERTO RICO en interés del menor R.G.G., peticionario.

*Número:* CE-87-553 *Resuelto:* 17 de marzo de 1989

444

446

448

*Francisco Rosario Pérez,* abogado del peticionario; *Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General,* y *Anabelle Rodríguez Rodríguez, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El día 14 de mayo de 1987, el policía estatal Emilio Colón Fuentes —mientras se encontraba fuera de servicio en su residencia en la Urbanización Monte Brisas, Fajardo, Puerto Rico— observó al menor peticionario mientras le enseñaba, a otro menor, una escopeta. El referido agente del orden público procedió a detener al peticionario, ocupando la escopeta en controversia. El menor fue conducido al Cuartel de la Policía de Fajardo donde —aparentemente al amparo de las disposiciones de la Regla 2.8(b) de las Reglas de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A— un oficial de la Policía de Puerto Rico lo citó para que compareciera al Tribunal de Menores el día 28 de mayo de 1987 para

la celebración de la vista de determinación de causa probable para la radicación de querella.(1)

El 28 de mayo de 1987, estando asistido el menor de su padre y su abogado, la vista para determinación de causa probable fue suspendida para el 4 de junio a petición de la Procuradora de Menores por razón de que no se había preparado la querella correspondiente y el policía Colón Fuentes no había comparecido. La vista de 4 de junio igualmente tuvo que ser suspendida debido a la incomparecencia del testigo esencial Colón Fuentes. Igual disposición, y por idéntica razón, tuvo el próximo señalamiento de 16 de julio, señalándose la vista para el 6 de agosto de 1987. *En todos dichos señalamientos, el menor estuvo representado por su abogado.*

El día 6 de agosto de 1987, contando el Estado con su prueba y anunciando que estaba preparado para la vista señalada, la representación legal del peticionario solicitó el "archivo de los procedimientos". Alegó que se le había vio-

---

(1) Dispone la referida Regla 2.8(b), en lo pertinente, que:

*"Regla 2.8. Citación; forma y requisitos*

. . . . . . . . .

(b) *Por funcionario del orden público.* Cuando el funcionario del orden público tenga motivos fundados para creer que se ha cometido *una falta Clase I,* en su presencia, en lugar de aprehender al menor podrá expedir una citación por escrito con su firma para que el menor comparezca ante un juez a la vista de determinación de causa probable para presentar la querella." (Énfasis suplido.) 34 L.P.R.A. Ap. I-A.

Dicha disposición reglamentaria realmente no era de aplicación al caso de autos por cuanto las Faltas Clase I, por definición de la Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de julio de 1986 (34 L.P.R.A. sec. 2201 *et seq.*), se refieren a "conducta que incurrida por adulto constituiría *delito menos grave*", 34 L.P.R.A. sec. 2203(j), y en el presente caso se trata de unas infracciones a los Arts. 5 y 8A de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 415 y 418a, los cuales *son delitos graves.*

En consecuencia, el día 14 de mayo de 1987, el menor debió ser conducido ante un magistrado en lugar de ser citado por el oficial de la Policía de Puerto Rico. Ahora bien, conforme lo dispuesto por la Regla 2.8(a) de las Reglas de Procedimiento para Asuntos de Menores, ante, el juez ante quien se presente la "queja" puede citar a éste de entender que "el menor va a comparecer al ser citado a la vista de determinación de causa probable . . .".

lado su derecho a juicio rápido en vista de que él había estado *held to answer* desde el 14 de mayo de 1987, y desde entonces habían transcurrido en exceso de ochenta (80) días sin que se celebrara la vista para determinación de causa probable; ello en violación de las disposiciones de la Regla 2.9(d) de las Reglas de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A.

El Tribunal Superior de Puerto Rico, Sala de Asuntos de Menores de Humacao, habiéndose opuesto el Estado por el fundamento de que había existido "justa causa" para las suspensiones decretadas,(2) declaró sin lugar la solicitud de desestimación y archivo planteada por el peticionario, procediendo a celebrar la vista, determinando causa probable contra el menor por violación a los Arts. 5 y 8A de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 415 y 418a. Inconforme, el referido menor le imputa a dicho foro haber errado:

> ... al resolver "NO HA LUGAR" la Moción de Desestimiento del menor por violación de su derecho constitucional a juicio rápido, al determinar que no era aplicable lo resuelto en el caso de *Pueblo vs. Opio Opio* (Supra) y que el Estado estaba en tiempo para continuar con los procedimientos y celebrar la vista de determinación de causa probable. Petición de *certiorari*, pág. 4.

## I

El presente recurso nos permite contestar las interrogantes relativas a la "fecha de efectividad" en nuestra jurisdicción de las nuevas Reglas de Procedimiento para Asuntos

---

(2) En relación con las incomparecencias del policía Colón Fuentes —vistas señaladas para los días 28 de mayo, 4 de junio y 16 de julio— el tribunal de instancia requirió de éste que mostrara causa por la cual no debía ser encontrado incurso en desacato. El agente informó que, en cuanto a la primera de ellas, tenía "compromisos" en otros tribunales. En cuanto a las restantes dos (2), no compareció por no haber sido citado. El foro de instancia, luego de "amonestar" al policía Colón Fuentes, lo exoneró en cuanto al "desacato".

de Menores, y la de si el "derecho a juicio rápido" es de aplicación a los procedimientos seguidos al amparo de las disposiciones de la *vigente* Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de julio de 1986 (34 L.P.R.A. sec. 2201 *et seq.*).

■ La interrogante relativa a la fecha de efectividad de las citadas Reglas de Procedimiento para Asuntos de Menores se debe a que, por mandato expreso de la referida Ley Núm. 88, ante, la misma entraba en vigor a los ciento ochenta (180) días después de su aprobación, esto es, el día 5 de enero de 1987. Este Tribunal, en descargo de la obligación que le impone el Art. V, Sec. 6 de la Constitución del Estado Libre Asociado de Puerto Rico,(3) remitió a la Asamblea Legislativa el "proyecto" de Reglas de Procedimiento para Asuntos de Menores el día 31 de diciembre de 1986, las cuales, por disposición expresa del citado Art. V, Sec. 6 de nuestra Constitución, ante, entrarían en vigor a los sesenta (60) días de terminada la *sesión ordinaria* de la Asamblea Legislativa correspondiente al año de 1987.

■ Consciente del hecho de que desde la fecha de vigencia de la citada Ley Núm. 88, ante —esto es, el 5 de enero de 1987— hasta que finalmente entraran en vigor dichas reglas de procedimiento, existiría un "vacío procesal" o período de tiempo en que técnicamente no existirían reglas que reglamentaran los procedimientos ante la Sala de Menores del Tribunal Superior de Puerto Rico, este Tribunal, mediante

---

(3) La referida disposición constitucional establece que:

"El Tribunal Supremo adoptará, para los tribunales, reglas de evidencia y de procedimiento civil y criminal que no menoscaben, amplíen o modifiquen derechos sustantivos de las partes. Las reglas así adoptadas se remitirán a la Asamblea Legislativa al comienzo de su próxima sesión ordinaria y regirán sesenta días después de la terminación de dicha sesión, salvo desaprobación por la Asamblea Legislativa, la cual tendrá facultad, tanto en dicha sesión como posteriormente, para enmendar, derogar o complementar cualquiera de dichas reglas, mediante ley específica a tal efecto." Art. V, Sec. 6, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1982, pág. 357.

resolución de fecha 31 de diciembre de 1986, instó a los señores jueces que trabajan en dicha Sala para que adoptaran "provisionalmente las reglas procesales que sean necesarias y pertinentes para el adecuado encausamiento de los asuntos de su competencia bajo la referida Ley de Menores Núm. 88 que sean compatibles con la adjudicación justa, rápida y económica de los mismos"; ello en el "ejercicio de sus facultades de *parens patriae* e inherentes" que posee todo tribunal para regular los procedimientos ante su consideración.

Mediante resolución a esos efectos de 9 de enero de 1987, todos los señores jueces de la referida Sala de Asuntos de Menores del Tribunal Superior de Puerto Rico(4) acordaron adoptar "provisionalmente las Reglas de Procedimiento para Asuntos de Menores aprobadas por el Tribunal Supremo de Puerto Rico" y remitidas a la Asamblea Legislativa el 31 de diciembre de 1986, "hasta que la Legislatura de Puerto Rico o el Tribunal Supremo no dispongan lo contrario".

■ No albergamos duda alguna de que dichos jueces tenían la facultad para así actuar, *Meléndez v. Levitt & Sons of P.R.*, 104 D.P.R. 797 (1976); *González v. Tribunal Superior*, 75 D.P.R. 585 (1953), por lo que dichas Reglas de Procedimiento para Asuntos de Menores entraron "de facto" en vigor en nuestra jurisdicción ese día 9 de enero de 1987, independientemente del hecho de que las mismas comenzaron a regir "de jure" el día 17 de julio de 1987.(5) Resolver lo contrario significaría no sólo la denegación del poder inherente

---

(4) Excepto el Juez Flavio E. Cumpiano, adscrito a la Sala de Asuntos de Menores de Carolina del Tribunal Superior de Puerto Rico.

(5) La *sesión ordinaria* de la Asamblea Legislativa de Puerto Rico para el año 1987, la cual se suponía terminara el 30 de abril de ese año, fue extendida hasta el 18 de mayo en virtud de la Resolución Conjunta Núm. 10 de la Legislatura de fecha 25 de marzo de 1987. En consecuencia, el término de sesenta (60) días que establece el citado Art. V, Sec. 6 de nuestra Constitución, L.P.R.A., Tomo 1, "venció" el 17 de julio de 1987.

de todo tribunal, en ausencia de un procedimiento específico, de reglamentar y encausar un asunto ante su consideración, *Meléndez v. Levitt & Sons of P.R.*, ante, sino que resultaría en la absurda situación de tener en vigor una ley de menores que no hubiera podido implantarse por razón de existir un "vacío procesal". Véase 31 L.P.R.A. sec. 7.

## II

 Una lectura e interpretación integral de las disposiciones de las Reglas 2.4(a)(1), 2.5, 2.6, 2.7, 2.8(a) y (b), y 2.9 de las Reglas de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, revela que en el presente caso —en vista de que la conducta observada por el menor constituye, de acuerdo con la vigente Ley de Menores de Puerto Rico,[6] una "Falta Clase II"[7]— el procedimiento correcto a seguir por los agentes del orden público lo era el llevar al referido menor *sin dilación alguna ante la presencia de un magistrado*, en lugar de ser meramente citado por un oficial de la Policía para la vista de determinación de causa probable.[8] Ello es así por cuanto no cabe la menor duda de que el referido menor fue objeto *de una "aprehensión" (arresto)* el día 14 de mayo de 1987. Véase *Pueblo v. Fournier*, 77 D.P.R. 222 (1954).

En cuanto al término dentro del cual debe ser celebrada la vista de determinación de causa probable, dispone la Regla 2.9(d) de las citadas Reglas de Procedimiento para Asuntos de Menores que:

---

[6] Ley Núm. 88, ante, según enmendada.

[7] Una "Falta Clase II", conforme el Art. 3(k) de la vigente Ley de Menores de Puerto Rico, es aquella conducta "que incurrida por adulto constituiría delito grave . . .". 34 L.P.R.A. sec. 2203.

[8] Como señaláramos en el escolio 1, un agente del orden público tiene facultad para *citar* un menor para la vista de determinación de causa probable en la situación en que alegadamente el menor incurre, en presencia del agente, en una "Falta Clase I"; esto es, "conducta que incurrida por adulto constituiría delito menos grave". 34 L.P.R.A. sec. 2203(j).

(d) Corresponderá al juez determinar si el menor va a permanecer bajo la custodia de sus padres o encargados hasta la vista de determinación de causa probable para la radicación de la querella o si ordenará su detención provisional conforme a lo dispuesto en la sec. 2220 de este título. Cuando se ordene la detención provisional el juez consignará por escrito los fundamentos que justifiquen dicha orden.

Si el menor es detenido provisionalmente o si queda bajo la custodia de sus padres o encargados, *se le citará para que comparezca a la vista de determinación de causa probable para la radicación de la querella.* En el primer supuesto, salvo causas excepcionales, la vista se celebrará dentro de los tres (3) días posteriores a la aprehensión. *En el segundo, la vista se celebrará dentro de los siguientes quince (15) días.* (Énfasis suplido.) 34 L.P.R.A. Ap. I-A.

En el presente caso, en consecuencia, habiendo sido detenido (arrestado) el menor el día 14 de mayo de 1987 y habiendo sido el mismo "dejado en libertad", la vista de determinación de causa probable debió de haber sido celebrada en o antes del *29* de mayo de 1987. El primer señalamiento que se hiciera de la misma —para el 28 de mayo— estaba dentro del término de quince (15) días dispuesto por la transcrita Regla 2.9(d) de las Reglas de Procedimiento para Asuntos de Menores, ante. Como hemos visto, dicho señalamiento —y otros— fue suspendido a petición del Estado por las razones antes expresadas.

Plantea la representación legal del peticionario que ello constituyó una violación al derecho a juicio rápido de dicho menor. Por su parte, el Procurador General de Puerto Rico alega, entre otros, que "resulta incorrecto en derecho la posición asumida por el peticionario a los efectos de que el derecho a juicio rápido es de aplicación a los procedimientos de menores". Alegato del Pueblo de Puerto Rico, pág. 5.

## III

Habiendo determinado que el menor efectivamente fue objeto de un "arresto" el día 14 de mayo de 1987, razón

por la cual desde ese momento estaba *held to answer*, *cf.*
*Martínez v. Tribunal Superior*, 81 D.P.R. 945 (1960), co-
brando vigencia ese derecho a juicio rápido precisamente
desde que el imputado de delito es detenido o está sujeto a
responder, *Pueblo v. Opio Opio*, 104 D.P.R. 165, 169 (1975);
*Hernández Pacheco v. Flores Rodríguez*, 105 D.P.R. 173,
177–178 (1976), y habiéndose celebrado la vista para deter-
minación de causa probable fuera del término de quince (15)
días prescrito por las Reglas de Procedimiento para Asuntos
de Menores, plantea frontalmente el presente recurso la in-
terrogante de si efectivamente el derecho a juicio rápido es
de aplicación a los procedimientos que se llevan a cabo bajo
la *vigente* Ley de Menores de Puerto Rico.[9]

 Al amparo de las disposiciones de la *derogada* Ley
de Menores de 1955, Ley Núm. 97 de 23 de junio de 1955,
establecimos en el pasado la *norma de separación* entre los
procedimientos relativos a menores y los procesos penales
aplicables a adultos, señalando que los procedimientos de
menores gozaban de una naturaleza sui géneris. *Pueblo ex
rel. J.L.D.R.*, 114 D.P.R. 497 (1983); *Pueblo ex rel. L.V.C.*,
ante, pág. 124; *R.A.M. v. Tribunal Superior*, 102 D.P.R. 270,
273 (1974). Como expresáramos en *Pueblo ex rel. J.L.D.R.*,
ante, pág. 503, dicha norma de separación "fue la razón de
ser de la doctrina a los efectos de que las garantías constitu-
cionales que puede reclamar un menor en estos procedimien-
tos se determinan de los requisitos del debido procedimiento
y trato justo, y no de la aplicación directa de las diversas
cláusulas constitucionales que garantizan tales derechos en
procedimientos criminales ordinarios". *Hoy, al amparo de*

---

[9] Rehusamos resolver dicha interrogante, al amparo de las disposiciones
de la entonces vigente Ley de Menores de Puerto Rico, en *Pueblo ex rel. L.V.C.*,
110 D.P.R. 114, 125–126 (1980), por no existir en dicho caso realmente "un pro-
blema de juicio rápido ni necesidad de expresarnos sobre su aplicación".

*las disposiciones de la nueva Ley de Menores de Puerto Rico, ratificamos lo así resuelto.*

■ Admitimos, sin embargo, que bajo la nueva Ley de Menores de Puerto Rico ciertamente ha habido un "cambio de enfoque" que amerita un reexamen paulatino, conforme los requisitos de debido procedimiento de ley y trato justo, de la "situación jurídica" del menor de edad que es encausado bajo las disposiciones de la mencionada ley.

El propósito de la Ley de Menores de 1955 era proveerle

> ... a los niños abandonados o desajustados, *preferiblemente en sus hogares*, la atención y orientación necesarias para su bienestar, en armonía con el interés público; mantener y fortalecer las relaciones de dichos niños con sus familiares; privar provisional o permanentemente a los padres de la custodia de un niño *solamente* cuando el bienestar de éste o el interés público lo justifiquen, y brindarle, en la medida que sea posible, la orientación y atención que debió recibir en su hogar. (Énfasis suplido.)[10]

■ En la Exposición de Motivos de la nueva Ley de Menores de Puerto Rico se expresa, en lo pertinente, que:

> *Los estilos de vida imperantes llevan a la necesidad de readaptar nuestros sistemas de coexistencia social, dentro de los cuales se encuentra el de justicia juvenil. La filosofía estrictamente paternalista y tutelar que ha informado el sistema de justicia juvenil bajo nuestra Ley Núm. 97 de 23 de junio de 1955, respondió a las necesidades de su momento estricto, cumpliendo su propósito de establecer un esquema filosófico consonante con principios de rehabilitación.* El concepto integral de los procedimientos de menores ha ido variando, debido mayormente a importantes decisiones jurisprudenciales reconociendo derechos constitucionales al menor. Se ha cuestionado el exceso de discreción por las autoridades judiciales y policíacas y de las agencias proveedoras de servicios a que

---

[10] Véase Exposición de Motivos de la Ley Núm. 97 de 23 de junio de 1955 (1955 Leyes de Puerto Rico 505, 507).

está sujeto el menor, en contraposición a los beneficios que puede recibir del sistema. *Recientes leyes enmendando nuestra Ley Núm. 97 han ido estableciendo las pautas de cambios en el enfoque filosófico de ésta.*

Por años, se ha cuestionado y criticado la atención y tratamiento que recibe el menor delincuente o transgresor en las instituciones o a través de los mecanismos de custodia u otros que provee la ley vigente, y dada su inadecuacidad han sido inefectivos en lograr su propósito o meta de rehabilitación que tiene como fin último la resocialización.

*En vista a lo anterior, esta ley adopta como marco filosófico del Sistema de Justicia Juvenil el humanismo dentro de un enfoque ecléctico de acción e intervención, donde se compatibilicen la propuesta rehabilitadora y el poder y responsabilidad posible inherente al Estado de brindarle toda oportunidad rehabilitativa, así como exigirle al menor un "quantum" de responsabilidad para dirigir sus actos y responder por éstos. El clamor por reconocimiento de mayor número de derechos constitucionales al menor hace necesario que se observe una mayor formalidad en la solución de los asuntos que llegan ante el Tribunal. Por ello, esta ley incorpora los derechos básicos que se han ido extendiendo al ámbito juvenil con el propósito de garantizar un procedimiento justo, rápido y eficaz sin que por ello se altere el carácter especial del proceso.* En la medida en que el menor no será considerado convicto y su conducta no constituirá delito, se conservará la exclusión de los derechos de fianza, juicio público y juicio por jurado, los cuales no tienen cabida en el sistema por los intereses jurídicos que siguen protegiendo la supervisión del menor con fines rehabilitativos y la confidencialidad del proceso por el que se le juzga. (Énfasis suplido y en el original.) 1986 Leyes de Puerto Rico 284, 285–286.

La ya derogada Ley de Menores de 1955, eliminó la naturaleza criminal de los procedimientos de menores, sustituyó las medidas penales existentes hasta ese momento por unas de tutela, instituyendo así una filosofía proteccionista y rehabilitadora. No reconocía a los menores algunos derechos

constitucionales por razón de que, tratándose de un procedimiento instado en el interés del menor, no se requería la protección de tales derechos.[11]

Las decisiones del Tribunal Supremo federal en los casos de *Kent v. U.S.*, 383 U.S. 541 (1966), e *In re Gault*, 387 U.S. 1 (1967), dieron un gran impulso a los propulsores de mayores derechos para los menores. Un ejemplo de la nueva reforma fue el *Juvenile Justice and Delinquency Prevention* de 1974, 42 U.S.C. sec. 5601. También se aprobaron los *Juvenile Justice Standards* por la *American Bar Association*, ABA Juvenile Justice Standards Sec. 1-1 *et seq.* (1980). En Puerto Rico, paralelamente, se presentaron propuestas en favor de una reforma en el sistema de justicia juvenil. Como resultado, la nueva Ley de Menores de Puerto Rico impone al Estado la obligación de ofrecer al menor la oportunidad de rehabilitación, pero a la vez le exige a ese menor un grado de responsabilidad por sus actos. El reconocimiento de un número mayor de derechos constitucionales exige, en adición, más formalidad en los procedimientos sin que se altere el carácter especial del proceso.[12]

Esta variación de enfoque ha generado a su vez otros cambios significativos. Los procedimientos judiciales bajo la nueva Ley de Menores de Puerto Rico van dirigidos exclusivamente a encausar a aquellos menores de dieciocho (18) años que incurren en conducta que constituye *falta*, lo cual según la propia ley se define como una "infracción o tentativa de infracción por un menor de las leyes penales, especiales u ordenanzas municipales de Puerto Rico, excepto las infracciones o tentativas que por disposición expresa de este

---

[11] H. Quiñones Echevarría, *La reforma del sistema de justicia juvenil en Puerto Rico: Ley Núm. 88 de 9 de julio de 1986*, 48 (Núm. 1) Rev. C. Abo. P.R. 79, 82 (1987).

[12] Quiñones Echevarría, ante, págs. 83 y 84.

Capítulo, estén excluidas".(13) De esta manera, la nueva Ley de Menores de Puerto Rico excluye de la jurisdicción del Tribunal de Menores a aquellos denominados "indisciplinados" cuyas conductas no hayan violentado las leyes generales. A éstos se les deberá proveer de recursos de comunidad apropiados que les orienten y ayuden a lograr cambios positivos sin intervención de la autoridad judicial. Los llamados a asumir esta responsabilidad son las autoridades del Estado encargadas de brindar orientación y servicios sociales.(14) Siendo ello así, no cabe duda de que se ha restringido significativamente el alcance de la nueva ley, limitándose la jurisdicción del Tribunal de Menores al procesamiento por conducta que, de tratarse de un adulto, sería considerada delito. Si bien el procedimiento continúa siendo sui géneris, al limitarse así su alcance ha adquirido matices de naturaleza punitiva que van más allá del propósito meramente rehabilitador y paternalista de la antigua ley.

Se ha creado, además, la figura del Procurador de Menores. Así se puso fin a la institución del juez-fiscal que participaba en los procedimientos bajo la legislación anterior, desempeñando funciones de naturaleza incompatible. Esto, sin embargo, le ha impartido al procedimiento un elemento de carácter adversativo que requiere, a su vez, unas formalidades adicionales y el reconocimiento al menor de más derechos.

Otra innovación importante ha sido la introducción en la jurisdicción de menores de la protección constitucional contra arrestos sin orden, según dispuesto en la Regla 2.4 de las Reglas de Procedimiento para Asuntos de Me-

---

(13) 34 L.P.R.A. secs. 2203(i) y 2204.

(14) Véase Exposición de Motivos de la citada Ley Núm. 88 de 9 de julio de 1986 (1986 Leyes de Puerto Rico 284).

nores, 34 L.P.R.A. Ap. I-A. También se ha extendido estatutariamente a los menores la protección contra registros y allanamientos irrazonables. 34 L.P.R.A. sec. 2207.

▉▉▉▉ El concepto de derecho a juicio rápido, contenido en la Regla 64(n) de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II, ha sido incorporado en las disposiciones del Art. 22 de la citada Ley Núm. 88 de 9 de julio de 1986,(15) el cual regula la celebración de la "vista adjudicativa" bajo la Ley Núm. 88, equivalente la misma a la "vista en su fondo" en el procedimiento de adultos. Las disposiciones del referido Art. 22 de la Ley de Menores de Puerto Rico, ante, son implantadas, a su vez, por la Regla 7.1 de las citadas Reglas de Procedimiento para Asuntos de Menores,(16) al establecer la Regla 6.2(2)(e) de dicho cuerpo reglamentario como causa de desestimación de la querella radicada contra el menor y el incumplimiento con los términos dispuestos, tanto por el Art. 22 de la Ley de Menores de

(15) Establece el Art. 22 de la Ley de Menores de Puerto Rico que:

*"La vista adjudicativa en la cual el Juez procederá a determinar si el menor ha incurrido o no en la falta imputada, se celebrará dentro de los sesenta (60) días siguientes a la determinación de causa probable si el menor está bajo la custodia de sus padres o persona responsable, o dentro de treinta (30) días, si está detenido en un centro de detención, a menos que la demora se deba a solicitud del menor, sus padres o encargados o que exista justa causa para ello.* En dicha vista el menor tendrá derecho a estar representado por abogado, a contrainterrogar los testigos y a presentar prueba a su favor.

Se aplicarán las Reglas de Evidencia y las alegaciones del Procurador han de probarse más allá de duda razonable.

El Juez que presida la vista adjudicativa debe ser uno distinto al que presidió la determinación de causa probable." (Énfasis suplido.) 34 L.P.R.A. sec. 2222.

(16) Dispone la citada Regla 7.1 de las Reglas de Procedimiento para Asuntos de Menores, en lo pertinente, lo siguiente:

"La vista adjudicativa se celebrará dentro de los sesenta (60) días posteriores a la determinación de causa probable si el menor está bajo la custodia de sus padres o persona responsable, o dentro de treinta (30) días si está detenido en un centro de detención, a menos que la demora se deba a solicitud del menor, sus padres o encargados, o que exista justa causa para ello. El juez que presida la vista deberá ser distinto del que presidió la vista de determinación de causa probable." 34 L.P.R.A. Ap. I-A.

462

Puerto Rico, ante, como por la Regla 7.1 de las Reglas de Procedimiento para Asuntos de Menores, ante.([17])

 En cuanto a la celebración de la vista para determinación de causa probable para la radicación de la querella, equivalente a la vista preliminar en los procedimientos de adultos, la Regla 2.9(d) de las Reglas de Procedimiento para Asuntos de Menores, ante, establece un término de tres (3) días desde la aprehensión, si el menor está detenido, y de quince (15) días si no lo está, salvo causas excepcionales. Si bien la Regla 6.2 de las Reglas de Procedimiento para Asuntos de Menores, ante, no provee para que el incumplimiento de ese término sea causa de desestimación, como en el caso de la Regla 64(n) de Procedimiento Criminal, ante, el hecho de haber establecido dicho término refleja la intención del legislador de que dicha vista se celebre cumpliendo con el mismo.([18]) Además, una vez reconocido el derecho a juicio rápido en relación a la vista adjudicativa, son aplicables nuestras manifestaciones en el caso de *Pueblo v. Opio Opio*, ante, pág. 169, a los fines de que:

> El derecho a juicio rápido no se circunscribe al acto del juicio propiamente dicho; se extiende para abarcar *todas las etapas* en progresión gradual desde la imputación inicial de delito. De otro modo *ese derecho podría ser burlado* prolongando sin justificación los trámites precedentes al juicio . . . . (Énfasis suplido.)

---

([17]) *"Regla 6.2. Mociones antes de la vista adjudicativa*

"Las siguientes mociones deberán presentarse y resolverse antes de la vista adjudicativa:

. . . . . . . .

"(2) Moción de desestimación basada en las siguientes defensas y objeciones surgidas en la tramitación del proceso:

. . . . . . . .

"(e) que la fecha de la vista adjudicativa excede los términos dispuestos por ley . . . ." 34 L.P.R.A. Ap. I-A.

([18]) M.L. Colón, *Comentarios a las Reglas de Procedimiento para Asuntos de Menores*, 3 (Núm. 1) Forum 23, 24 (1987).

En adición a lo ya señalado, de una lectura de la totalidad de las Reglas de Procedimiento para Asuntos de Menores se desprende que dichas reglas siguen fundamentalmente las disposiciones de las Reglas de Procedimiento Criminal que regulan, en esta jurisdicción, los procedimientos criminales contra los adultos. En vista de todo lo anteriormente señalado, somos del criterio que, bajo estas circunstancias, *no existe razón válida en derecho para que se le niegue a los menores de edad que son encausados bajo la Ley de Menores de 1986, ante, conforme los requisitos de debido procedimiento de ley y trato justo, el reconocimiento del derecho a juicio rápido.*

## IV

Habiendo resuelto que al menor le asiste el derecho a juicio rápido bajo las disposiciones de la vigente Ley de Menores de 1986, ante, procede determinar, conforme los hechos particulares del caso ante nuestra consideración, si ese derecho efectivamente le fue violado.

Como expresáramos anteriormente, no hay duda del hecho de que la vista de determinación de causa probable fue celebrada fuera del término de quince (15) días prescrito por la Regla 2.9(d) de las citadas Reglas de Procedimiento para Asuntos de Menores, y de que la razón aducida por el Estado para solicitar la suspensión de los señalamientos anteriores lo fue la incomparecencia de su testigo principal, el policía Colón Fuentes. En vista de ello debemos determinar, primero, si el Estado cumplió con los requisitos exigidos por nuestra jurisprudencia en relación con esta clase de situaciones y, en segundo lugar, si el menor reclamó, en tiempo, su derecho a juicio rápido según ello lo requieren nuestras decisiones al efecto.

Como es sabido, no obstante haber resuelto que la ausencia de un testigo de cargo esencial ciertamente consti-

tuye justa causa para la suspensión de un señalamiento, *Pennington v. Corte*, 60 D.P.R. 260 (1942), hemos igualmente establecido que es sobre el Ministerio Público que recae el peso de demostrar que existe esa justa causa, *Pueblo v. Herrera*, 67 D.P.R. 25 (1947); responsabilidad que no se descarga con simples generalidades o conclusiones, viniendo obligado el Estado a poner al tribunal de instancia en condiciones de pasar juicio sobre la alegada esencialidad con la debida pormenorización. *Pueblo v. Arcelay Galán*, 102 D.P.R. 409 (1974). A esos efectos hemos requerido, como requisito mínimo a cumplirse por el Ministerio Público, que se le demuestre al tribunal "los hechos sobre los cuales habría de deponer el testigo; debe especificarse la prueba documental, si alguna, a identificarse; y debe presentarse la declaración jurada que el fiscal toma usualmente a los testigos de cargo para que el juzgador pueda aquilatar el alcance y la importancia del testimonio". *Pueblo v. Arcelay Galán*, ante, pág. 416.

Reafirmamos en el día de hoy la importancia y jerarquía en nuestra jurisdicción del derecho a juicio rápido. Debe quedar claro que para que la suspensión de un señalamiento por razón de la ausencia de un testigo de cargo no se entienda violatoria de dicho derecho, el Estado viene en la obligación de demostrar que se trata de un testigo realmente esencial y que el Ministerio Público ha sido diligente en obtener la comparecencia de dicho testigo. *Pueblo v. Carrión Roque*, 99 D.P.R. 362, 363–364 (1970).

En relación con el caso que ocupa nuestra atención, no hay duda del hecho de que el policía Colón Fuentes era un testigo esencial. Tan esencial es dicho testigo que su testimonio es el *único* con que cuenta el Estado para probar los hechos que le imputa al menor apelante. Resulta igualmente obvio, sin embargo, que el Estado no fue lo diligente que nuestra jurisprudencia requiere que sea en esta clase de si-

tuaciones. Se trata de un testigo que es agente del orden público, el cual era fácilmente localizable a través de la Policía de Puerto Rico. Como hemos visto, según el propio testimonio del policía Colón Fuentes, él no compareció a dos (2) de los señalamientos debido a que no fue citado ni advertido de los mismos. Resulta obligatoria la conclusión a los efectos de que el Estado, al no ser diligente, no demostró "justa causa" para las suspensiones decretadas. *Pueblo v. Carrión Roque*, ante; *Pueblo v. Arcelay Galán*, ante.

▮ Por otro lado, resulta igualmente obligatoria la conclusión a los efectos de que el menor no reclamó, en tiempo, su derecho a juicio rápido según lo requiere la jurisprudencia sobre la materia. Como es de todos conocido, nuestras decisiones —no obstante reconocer que el derecho a juicio rápido es uno de los derechos constitucionales fundamentales cuya renuncia debe ser expresa, así como voluntaria, y efectuada con pleno conocimiento de causa, *Pueblo v. Arcelay Galán*, ante, pág. 415— han establecido que la actuación del abogado de un imputado de delito, al permanecer callado y no reclamar afirmativamente el derecho a juicio rápido de su representado, a sabiendas de que el señalamiento hecho por el tribunal cae fuera del término prescrito por ley, constituye una renuncia voluntaria, expresa y con conocimiento de causa, del derecho a juicio rápido de su cliente. *Pueblo v. Santi Ortiz*, 106 D.P.R. 67, 70–71 (1977). Ratificamos, igualmente, dicha norma en el día de hoy.

En el presente caso, el menor estuvo representado por abogado en todos y cada uno de los señalamientos. Con excepción del último señalamiento, en el cual el Estado contaba con su prueba, dicho abogado no objetó en forma alguna los señalamientos, fuera de término, que anteriormente a ese momento hiciera el tribunal de instancia. A la luz de lo expuesto, resulta claro que hubo una renuncia voluntaria *y efectuada con pleno conocimiento de causa del derecho a*

*juicio rápido* por parte del menor. *Pueblo v. Santi Ortiz*, ante.

Por las razones antes expresadas, *se expide el auto y se dictará sentencia confirmatoria de la resolución recurrida.*

El Juez Asociado Señor Negrón García concurre con el resultado sin opinión escrita. El Juez Asociado Señor Hernández Denton emitió opinión concurrente y disidente.

—O—

Opinión concurrente y disidente emitida por el Juez Asociado Señor Hernández Denton.

Concurro con las partes I, II y III de la opinión emitida por el Tribunal por entender que los menores encausados bajo la Ley de Menores de 1986 tienen derecho a juicio rápido en todas las etapas del proceso.

Sin embargo, disiento de la parte dispositiva por entender que la no objeción por el menor del señalamiento efectuado en violación de los términos de la Regla 2.9(d) de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, no constituye una renuncia a su derecho a juicio rápido. "Las renuncias a los derechos constitucionales fundamentales deben ser expresas y no presuntas, así como voluntarias y efectuadas con pleno conocimiento de causa." *Pueblo v. Arcelay Galán*, 102 D.P.R. 409, 415–416 (1974).

La decisión es particularmente injusta, porque permite al Ministerio Público obviar el procedimiento requerido en *Pueblo v. Carrión Roque*, 99 D.P.R. 362, 366 (1970). Allí afirmamos que el fiscal tiene el peso de demostrar que existe justa causa para la demora en la celebración de la vista fuera de los términos requeridos por las reglas. "La ausencia de un testigo de cargo esencial constituye ciertamente justa causa para una suspensión, *Pennington v. Corte*, 60 D.P.R. 260 (1942), pero debe ponerse en condiciones al Tribunal de pa-

sar juicio sobre la alegada esencialidad con la debida pormenorización." *Pueblo v. Arcelay Galán*, supra, pág. 416. Le corresponde al fiscal probar de modo afirmativo y ante el foro de instancia que la denuncia era solamente sostenible con el testimonio del agente ausente. Desde este estrado apelativo no nos corresponde la función de analizar la esencialidad del testigo si el Ministerio Público no descargó responsablemente su función en el foro de instancia.

Por otro lado, si no vamos a requerir un cumplimiento estricto con las normas de *Pueblo v. Carrión Roque*, supra, tampoco debemos impedir que el peticionario invoque su derecho constitucional porque no objetó algo que nunca se planteó en instancia. Si consideramos que mediante esta opinión por primera vez extendemos la protección del derecho a juicio rápido a los menores, el curso decisorio más aconsejable sería extenderle al peticionario los beneficios de este derecho. De esta manera protegeríamos efectivamente al peticionario que tocó a nuestras puertas y reclamó la inmediata intervención de esta Curia para proteger sus derechos constitucionales.