EL PUEBLO DE PUERTO RICO en interés del menor M.A.F.L., demandante, *v.* EL PUEBLO DE PUERTO RICO, peticionario.

*Número:* CE-90-10          *Resuelto:* 30 de abril de 1990

*Norma Cotti Cruz, Procuradora General Interina,* y *Eunice Amaro Garay, Procuradora General Auxiliar,* abogadas de El Pueblo; *María Laura Colón,* abogada del recurrido.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

La cuestión a resolver en este recurso es si al término de tres (3) días provisto por la Regla 2.9(d) de Procedimiento para Asuntos de Menores (Reglas de Menores), 34 L.P.R.A. Ap. I-A, para celebrar la vista de determinación de causa probable contra un menor en los casos en que un magistrado ordena su detención provisional, se le excluyen los sábados, domingos o días de fiesta legal intermedios, según autorizado por la Regla 68.1 de Proce-

dimiento Civil, 32 L.P.R.A. Ap. III. Resolvemos en la afirmativa y revocamos el dictamen del tribunal de instancia.

■ A los fines decisorios, partimos de la premisa establecida de que al menor le asiste el derecho a juicio rápido según las disposiciones de la vigente Ley de Menores de Puerto Rico y que el incumplimiento de los términos fijados en la citada Regla 2.9(d) de Menores, *supra*, da lugar a la desestimación del proceso. *Pueblo en interés menor R.G.G.*, 123 D.P.R. 443 (1989).

Lo que hay que resolver es si en este caso específico hubo o no tal incumplimiento. Veamos los hechos y el razonamiento seguido por el ilustrado juez de instancia para desestimar las quejas:

El 4 de agosto del 1989 a las 6:00 P.M. se presentaron por el policía Juan Acevedo, autorizadas por el Procurador de Menores, Hon. Héctor Ballester[,] a la Hon. Tomasa del C. Vázquez, Tribunal de Distrito, Sala de Investigaciones, San Juan, cuatro quejas bajo el número 89-88 en interés del menor [M.A.F.L.].

Los hechos imputados se referían a estar el joven en posesión de un vehículo hurtado, (falta clase III), haber ocasionado un accidente con el mismo y haber abandonado el lugar sin tomar las medidas dispuestas por ley. Dichos hechos se alegó ocurrieron el 4 de agosto del 1989 a las 7:15 A.M. En queja adicional bajo el mismo número de registro se imputa que el menor conducía el vehículo de motor sin estar autorizado por el Secretario de Transportación y Obras Públicas. Cosa que se imputa ocurrió en la misma fecha, pero a las 8:00 A.M.; es entonces que el policía Juan Acevedo Pérez #14298 directamente interviene y le aprehende.

Al momento de la Juez atender las quejas, ésta ordena la detención y queda señalada Vista de Causa Probable para el 9 de agosto del 1989.

Si bien en nota al dorso de las quejas se informa que el menor fue detenido por una de las faltas ser clase III y la madre no tener control sobre él, consideramos no se cumplió de manera adecuada con los requisitos de la Ley 88, Menores, Art. 20 y Reglas de Menores vigentes, 2.13 y 2.9(d), línea final, primer párrafo, (34 L.P.R.A., sec. 2220, Reglas 2.13 y 2.9(d), línea final, primer párrafo) más, si tomamos en consideración que el 9 de agosto, tras escuchar a la Trabajadora Social, Srta. Carmen A. Maldonado Jaime, el joven hubo de ser egresado y se dejó bajo custodia de su madre.

Al examinar la R. 2.9(d), último párrafo, vemos que el término de tres días comienza a contar desde la aprehensión, cosa que hizo el policía Acevedo Pérez el 4 de agosto de 1989 a las 8:00 A.M.

El caso Pueblo de Puerto Rico en interés de R.G.G., 89 J.T.S. 32, sentó, entre varias doctrinas de sabio derecho, que el término de tres días comienza a correr en el momento de la aprehensión, cuando el menor queda sujeto a responder.

La práctica administrativa por carga de casos que siguen las Secretarías de los Tribunales para señalar las vistas en calendario, al amparo de interpretaciones literales de la R. 13.5 de Menores en referencia a la R. 68.1 de las Reglas de Procedimiento Civil vigentes no lleva inflexibilidad en la discreción judicial. Muchísimo menos, cuando ya se ha trillado en nuestra jurisprudencia, la federal y la persuasiva de otros estados de la nación, que el debido procedimiento de ley y trato justo es igualmente aplicable a los adultos y menores. En lo que respecta a la privación de libertad a estos últimos antes de la determinación de causa probable, debe serse más meticulosos, puesto que no les cobija la protección de fianza. Es imprescindible recordar que a[u]n cuando suele decirse que el procedimiento de menores es sui g[é]neris o de carácter civil, hoy día, bajo la Ley 88, Menores, 9 de julio del 1986 y las Reglas de Procedimiento de Menores, 19 de junio del 1987, éste es más bien de carácter criminal, (adversativo-punitivo). *Exhibit* I, págs. 3–4.

■ La Regla 2.9 de Menores, 34 L.P.R.A. Ap. I-A, establece un procedimiento detallado, específico y particular a seguirse una vez el menor imputado es aprehendido. A esos efectos dispone:

(a) Un funcionario del orden público que aprehenda a un menor mediante orden judicial deberá conducirlo sin demora innecesaria ante un juez. Cuando se aprehenda a un menor sin mediar una orden y se le conduzca ante un juez, se presentará inmediatamente la queja y se expedirá una orden de aprehensión o citación, con sujeción a estas reglas.

(b) El juez informará al menor aprehendido y a sus padres o encargados, si éstos están presentes, de la queja presentada, de su derecho a permanecer en silencio en relación con los hechos que motivan su aprehensión, a no incriminarse y a estar representado por abogado y que el tribunal, en los casos apropiados, podrá renunciar en su ausencia a la jurisdicción. Además explicará al menor, a sus padres o encargados del deber de mantener informado de cualquier cambio de dirección residencial o postal.

(c) Todos los procedimientos al amparo de esta disposición se efectuarán en privado salvaguardando el derecho de confidencialidad que disponen las secs. 2201 *et seq.* de este título.

(d) Corresponderá al juez determinar si el menor va a permanecer bajo la custodia de sus padres o encargados hasta la vista de determinación de causa probable para la radicación de la querella o si ordenará su detención provisional conforme a lo dispuesto en la sec. 2220 de este título. Cuando se ordene la detención provisional el juez consignará por escrito los fundamentos que justifiquen dicha orden.

Si el menor es detenido provisionalmente o si queda bajo la custodia de sus padres o encargados, se le citará para que comparezca a la vista de determinación de causa probable para la radicación de la querella. En el primer supuesto, salvo causas excepcionales, la vista se celebrará dentro de los tres (3) días posteriores a la aprehensión. En el segundo, la vista se celebrará dentro de los siguientes quince (15) días.

(e) El juez remitirá la queja, la orden de aprehensión y copia de la orden de detención provisional, si éste fuera el caso, o la citación, a la secretaría de la sala del tribunal correspondiente y a la oficina del Procurador para Asuntos de Menores, para que se lleven a cabo los trámites posteriores que ordenan las reglas.

Si se ordena la detención provisional, la orden de detención se enviará al director dela institución donde se recluya al menor. 34 L.P.R.A. Ap. I-A, R. 2.9.

Por otro lado, la Regla 2.13 de Menores, 34 L.P.R.A. Ap. I-A, también rige la etapa posterior a la determinación de causa probable:

Hecha la determinación de causa probable, el juez procederá a determinar si el menor puede permanecer bajo la custodia de sus padres o encargados o si se debe ordenar su detención hasta el día de la vista adjudicativa. El juez deberá, siempre que sea posible, dejar al menor bajo la custodia de sus padres o de una persona responsable, bajo la promesa escrita y firmada por éstos de que comparecerán con el menor ante el tribunal en fecha determinada para los procedimientos correspondientes. El juez les apercibirá de que la incomparecencia a la vista adjudicativa conllevará la detención inmediata del menor y el arresto por desacato de sus padres o encargados, o que en los casos apropiados el tribunal podrá en su ausencia renunciar a su jurisdicción, o que podrá celebrar en su ausencia la vista adjudicativa.

No se ordenará la detención de un menor antes de la vista adjudicativa a menos que:

(1) sea necesario para la seguridad del menor o porque éste representa un riesgo para la comunidad;

(2) el menor se niegue a, o esté mental o físicamente incapacitado de dar su nombre, el de sus padres o encargados y la dirección del lugar donde reside;

(3) no existan personas responsables dispuestas a custodiar al menor y garantizar su comparecencia a procedimientos subsiguientes;

(4) el menor esté evadido o tenga historial conocido de incomparecencias;

(5) se haya encontrado antes incurso en faltas que, cometidas por un adulto, constituyen delito grave y se haya encontrado causa probable en la nueva falta que se le imputa por lo que puede razonablemente pensarse que amenaza el orden público seriamente;

(6) citado el menor para la vista de determinación de causa probable, él no comparezca y se determine causa probable en su ausencia.

Como en este caso la aprehensión y la orden de detención provisional fueron hechas el viernes 4 de agosto de 1989, hay que ir a la Regla 13.5 de dicho cuerpo de reglas, 34 L.P.R.A. Ap. I-A, la cual ordena que:

El cómputo de cualquier término prescrito o concedido por estas reglas o por orden del Tribunal se hará conforme a la Regla 68.1 de Procedimiento Civil, Ap. III del Título 32. Por justa causa podrán ser acortados dichos o prorrogados dichos términos.

La Regla 68.1 de Procedimiento Civil, *supra*, a su vez, establece:

En la computación de cualquier término prescrito o concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a correr. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado. Cuando el plazo prescrito o concedido sea menor de siete (7) días, los sábados, domingos o días de fiesta legal

intermedios se excluirán del cómputo. Medio día feriado se considerará como feriado en su totalidad.

■ Un análisis de las Reglas de Menores y de Procedimiento Civil despeja cualquier duda sobre la interpretación a adoptar. Cuando un menor es aprehendido y se emite una orden de detención y no hay tres (3) días laborables consecutivos desde su emisión, la Regla 68.1 de Procedimiento Civil, *supra*, opera por mandato de ley. Por ende, se excluyen del cómputo los sábados, domingos y días de fiesta legal.

Lo anterior no es de por sí suficiente para disponer del caso. Hay que resolver si la interpretación anterior está en conformidad con los requisitos del debido procedimiento de ley y trato justo que nos movieron a extender el derecho a juicio rápido a los menores encausados según la Ley de Menores de Puerto Rico. *Pueblo en interés menor R.G.G.*, supra.

■ Para resolver hay que tener presente que la propia Regla 2.9(d) de Menores, *supra*, reconoce que puede haber "causas excepcionales" para no celebrar la vista dentro de los tres (3) días posteriores a la aprehensión. Ello demuestra que el término de tres (3) días no es inflexible. A los fines de armonizar los derechos del menor y los intereses del Estado, se previó que en ocasiones excepcionales la vista puede celebrarse después de los tres (3) días. Ello puede ser por razón de la exclusión de la Regla 68.1 de Procedimiento Civil, *supra*, como es en el caso ante nos, o por existir otras causas excepcionales.[1]

---

[1] Los criterios sustantivos a seguirse en la determinación judicial para decretar la detención provisional de un menor están fijados mediante el Art. 21 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2220, y son los siguientes:

"La detención de un menor sólo se efectuará mediante orden judicial. No se ordenará la detención de un menor antes de la vista adjudicativa a menos que:

"(1) Sea necesaria para la seguridad del menor o porque éste representa un riesgo para la comunidad;

"(2) que el menor se niegue a, o esté mental o físicamente incapacitado de dar su nombre, el de sus padres o encargado y la dirección del lugar donde reside;

"(3) cuando no existan personas responsables dispuestas a custodiar al menor y garantizar su comparecencia a procedimientos subsiguientes;

"(4) que el menor esté evadido o tenga historial conocido de incomparecencias;

■ Lo anterior demuestra que no hay un mandato constitucional en cuanto a la especificidad del término. Si el legislador hubiera optado por un término mayor al de tres (3) días, no hubiéramos tenido fundamento para intervenir a menos que el mismo fuera irrazonable de su faz. El fundamento para determinar si se viola o no el derecho a juicio rápido es, en última instancia, si la vista se celebró dentro de un tiempo razonable. *Pueblo v. Rivera Colón*, 119 D.P.R. 315 (1997).

Según los hechos presentes en este caso, tampoco resulta irrazonable haber excluido los días cinco (5) y seis (6) de agosto para el cómputo de los tres (3) días. De los autos no surge que la orden original de detención fuera arbitraria(2) o que la misma fuera dictada con el fin preconcebido de obviar o ampliar el término de tres (3) días.

■ En vista de que los menores no tienen derecho a fianza, particularmente en aquellos casos en que no hay tres (3) días laborables consecutivos desde que se emite la orden de detención, los magistrados deben ser extremadamente cuidadosos al ejercer su facultad decisional en cuanto a si se ordena o no la detención provisional. El criterio rector debe ser el establecido por las propias reglas, a saber, que: "El Juez deberá, siempre que sea posible, dejar el menor bajo la custodia de sus padres o de una persona responsable." Regla 2.13 de Menores, *supra*.

Bajo ninguna circunstancia deberá el juez tomar su decisión a base de la solicitud *ex parte* de los agentes del Estado. Por el contrario, deberá analizar todas las circunstancias concurrentes. Una de éstas debe ser el tiempo en que el menor quedará provisionalmente detenido.

---

"(5) que por habérsele antes encontrado incurso en faltas que, cometidas por un adulto, constituyeren delito grave y habérsele encontrado causa probable en la nueva falta que se le imputa, pueda razonablemente pensarse que amenaza el orden público seriamente;

"(6) que habiéndose citado al menor para la vista de determinación de causa probable, él no comparezca y se determine causa probable en su ausencia."

(2) Aunque después se dejó sin efecto, ello no conlleva una determinación de incorrección.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Negrón García concurre con el resultado sin opinión escrita. El Juez Asociado Señor Hernández Denton emitió opinión disidente. El Juez Asociado Señor Rebollo López no intervino.

—O—

Opinión disidente emitida por el Juez Asociado Señor Hernández Denton.

Por entender que el tribunal de instancia actuó correctamente al desestimar la querella presentada contra el menor recurrido porque se le violó su derecho constitucional a un juicio rápido, disiento de la opinión que emite este Tribunal. La exclusión de los sábados, domingos y días feriados al computar el término de tres (3) días provisto por la Regla 2.9(d) de Procedimiento para Asuntos de Menores (Reglas de Menores), 34 L.P.R.A. Ap. I-A, para la celebración de la vista de determinación de causa probable del menor detenido provisionalmente, atenta también contra el derecho fundamental de que nadie será privado de su libertad y propiedad sin un debido proceso de ley.

I

El menor M.A.F.L. fue aprehendido el viernes 4 de agosto de 1989 por conducir un vehículo de motor sin estar debidamente autorizado para ello. Tras ser intervenido por un policía estatal, se le relacionó posteriormente con un accidente automovilístico. Ese mismo día se sometieron en su contra quejas por infracciones al Art. 15 de la Ley para la Protección de la Propiedad Vehicular, Ley Núm. 8 de 5 de agosto de 1987 (9 L.P.R.A. sec. 3214) y a las Secs. 3-301, 4-103 y 5-201 de la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. secs. 721, 783 y 871, respectivamente. Se determinó causa probable y se ordenó su detención provisional en el Hogar Juvenil de Hato Rey.

La vista de determinación de causa probable para presentar querellas fue señalada para el 9 de agosto de 1989, *seis (6) días*

*después de su aprehensión.*([1]) Luego de unos incidentes procesales, se determinó causa probable. Celebrada la vista en su fondo, y a petición de la defensa, el tribunal desestimó las querellas imputadas al menor por habérsele violado su derecho a juicio rápido. Inconforme, el Procurador General comparece ante nos y señala que erró el tribunal de instancia al desestimar las querellas, ya que eran de aplicación la Regla 13.5 de Menores, 34 L.P.R.A. Ap. I-A, y la Regla 68.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, que excluye del cómputo los sábados, domingos y días feriados. No tiene razón.

## II

El ordenamiento jurídico que cobija a los menores en nuestra jurisdicción, según lo dispuesto por la nueva Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2201 *et seq.*, está predicado en el principio de rehabilitación y en el reconocimiento de que nadie será privado de su libertad y propiedad sin el debido proceso de ley. Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1; *R.A.M. v. Tribunal Superior*, 102 D.P.R. 270 (1974); *Pueblo ex rel. J.L.D.R.*, 114 D.P.R. 497 (1983).

En *R.A.M. v. Tribunal Superior*, supra, reconocimos que aunque la naturaleza de los procedimientos de la Ley de Menores de Puerto Rico es civil, los imputados están sujetos, como el adulto, a la posible reclusión en una institución disciplinaria y, por ende, a la privación de su libertad. Por otro lado, en *Pueblo en interés menor R.G.G.*, 123 D.P.R. 443 (1989), sostuvimos que la Ley de Menores de Puerto Rico de 1986 introdujo unos cambios "que van más allá del propósito rehabilitador y paternalista de la antigua ley" y extendimos a los menores la protección del derecho a juicio rápido.

Considerando que los menores no pueden garantizar su comparecencia mediante fianza, la Ley de Menores de Puerto

---

([1]) En esa vista, la representación legal del menor presentó una moción de desestimación por el fundamento de violación al derecho a un juicio rápido. La misma fue declarada sin lugar.

Rico favorece que el menor permanezca bajo la custodia de sus padres mientras se ventila la queja presentada. A estos propósitos, el Art. 19 de esta ley dispone que *"[s]iempre que fuere posible,* el menor deberá dejarse bajo la custodia de sus padres o de una persona responsable, bajo la promesa de que comparecerá con éste ante el Tribunal en fecha determinada". (Énfasis suplido.) 34 L.P.R.A. sec. 2219.

Para salvaguardar este derecho, el estatuto limita la discreción judicial a las circunstancias prescritas por el Art. 20 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2220, y la Regla 2.9(d) de Menores, *supra*, requiere que el magistrado consigne por escrito los fundamentos que justifiquen la orden de detención provisional.

La premisa de este nuevo ordenamiento es que en las circunstancias prescritas por el citado Art. 20 el menor está expuesto a la pérdida temporal de la libertad y que ineludiblemente tiene el derecho a un juicio rápido. Sin embargo, aunque el Estado tiene un interés legítimo en la detención provisional, esto no significa que un menor pueda estar recluido por tiempo excesivo.

A los fines de armonizar los intereses en conflicto, nuestro ordenamiento requiere que, salvo causas excepcionales, al menor detenido provisionalmente se le celebre la vista de determinación de causa "dentro de los tres días posteriores a la aprehensión". Regla 2.9(d) de Menores, *supra*. Tomando en consideración que la legislación no ha reconocido el derecho de fianza a los menores, esta regla establece un mecanismo sustituto de índole procesal para garantizar que aquellos que han sido detenidos puedan comparecer rápidamente ante un juez para dilucidar preliminarmente los méritos de la queja presentada en una vista adversativa donde pueden ser asistidos por un abogado. Si en esa vista el tribunal concluye que hay causa probable para la presentación de una querella, el juez tiene que decidir si extiende la detención hasta el día de la vista adjudicativa.

Debido a la naturaleza y a la importancia de esta vista, la Regla 2.9(d) de Menores, *supra*, establece un término razonable

*dentro* del cual se debe celebrar la audiencia. La regla prescribe un término máximo y, por ende, no impide que la vista se celebre antes. Por otro lado, provee un término de tres (3) días precisamente para atender aquellos casos donde el menor es aprehendido un viernes y sea necesario esperar hasta el lunes para la celebración de una vista a la que puedan asistir los funcionarios correspondientes.

Solamente cuando existan *causas excepcionales*, podrá celebrarse la vista después de los tres (3) días establecidos en las reglas. De esta manera, el ordenamiento preceptúa las circunstancias en las que se puede extender el término para la celebración de la vista adversativa. Al requerir la existencia de *causas excepcionales*, se limita la discreción judicial y, simultáneamente, se garantiza un escrutinio riguroso por parte de los tribunales.

Ante nos, el Estado sostiene que al computar los términos de la citada Regla 2.9(d) de Menores se deben excluir los sábados, domingos y días feriados al amparo de la Regla 13.5 del mismo cuerpo de reglas, *supra*, y de la Regla 68.1 de Procedimiento Civil, *supra*. La opinión del Tribunal acoge esta interpretación y extiende el término de la detención provisional de un menor cuando "no hay tres (3) días laborables consecutivos desde que se emite la orden de detención". Mediante esta interpretación de la Regla 2.9(d) de Menores, *supra*, un menor aprehendido un jueves se le puede detener provisionalmente hasta el lunes, o al que se le detiene un viernes tiene que esperar hasta el martes para la vista de determinación de causa. Como resultado de esta decisión, un menor puede estar recluido provisionalmente en una institución juvenil por cinco (5) o seis (6) días calendario antes de que se le celebre la vista de determinación de causa probable.

Contrario al espíritu de la Ley de Menores de Puerto Rico y a nuestro ordenamiento constitucional, la decisión emitida por el tribunal no evalúa si existen "causas excepcionales" para extender el término mientras él continúa detenido. Mediante una interpretación técnico-procesal de las reglas, permitimos que se viole el derecho del menor a un juicio rápido y que se le prive de su libertad sin el debido proceso de ley.

Por la importancia de los intereses constitucionales involucrados, lo aconsejable es que interpretemos las reglas pertinentes para salvaguardar los derechos afectados. La propia Regla 13.5 de Menores, *supra*, dispone que por "justa causa" podrán ser acortados o prorrogados dichos términos. En la controversia de autos, los derechos constitucionales afectados constituyen "justa causa" según lo requerido por la Regla 13.5 de Menores, *supra*, para no excluir los sábados, domingos y días feriados del término requerido por ley. De lo contrario, permitiríamos una detención provisional de un menor por un término excesivo sin el derecho a la fianza que protege a los adultos en situaciones análogas.

Por estas razones, al amparo del derecho a un juicio rápido, confirmaría la decisión del tribunal de instancia. En estas circunstancias no puedo suscribir la opinión emitida por este Tribunal.